UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENT DOES 1-158,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO RUBIO,<br><br>Defendant. | Civil Action No. 25-3032 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are international students whose nonimmigrant F-1 visas were revoked by the Department of State.  See ECF No. 1 (Compl.), ¶ 17.  They allege that the Government violated the Administrative Procedure Act by engaging in mass revocation of student visas — including those of Plaintiffs and thousands of others — through a policy under which any criminal history warranted visa revocation.  Id., ¶¶ 223–237.  Because this litigation involves highly sensitive and personal information, and because Plaintiffs fear retaliation and adverse consequences from public disclosure of their participation, they move to proceed under pseudonyms.  See ECF No. 3 (Mot.).  The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

At this stage, Plaintiffs have succeeded in showing that their privacy and safety concerns outweigh the public's presumptive and substantial interest in learning their identities.

The first and second factors, taken together, support granting the Motion. Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). In particular, Plaintiffs argue that challenging the Government's mass revocation of their student visas through a programmatic determination that any criminal history warrants revocation exposes them to significant risks. See Mot. at 5. They allege that they face concrete dangers of retaliatory physical or mental harm, specifically retaliatory arrest, deportation, or other adverse immigration actions. Id. at 3. Each Plaintiff has previously encountered law enforcement, and participation in this litigation necessarily exposes these encounters. Id. at 5. Further, this litigation involves sensitive and personal information, including crimes for which Plaintiffs were charged but not convicted, their immigration statuses, and Defendant's classification of them as "criminal aliens." Id. at 3. Such details may become public through this litigation if their identities are not protected through pseudonyms.

Plaintiffs also argue that if litigation against the Government is characterized negatively in immigration proceedings, this lawsuit could potentially affect future benefit applications with discretionary elements. Id. at 5. If Plaintiffs' identities become public, they risk intrusive media attention and public scrutiny that could significantly harm their educational pursuits and career prospects. Id. at 6.

3

As Plaintiffs concede, however, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because none of the Plaintiffs is a minor. See Mot. at 6.

When plaintiffs sue the Government, the way the fourth factor cuts depends on the relief that they seek. If they aim for programmatic relief that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified," and this factor tilts against pseudonymity. In re Sealed Case, 971 F.3d at 329. On the other hand, if plaintiffs seek only individualized relief, then this factor favors pseudonymity. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted).

Here, Plaintiffs seek programmatic relief. True, they seek relief for themselves — revalidation of their specific visas, restoration to their prior immigration statuses, and removal of adverse information from their records, see Compl. at 81 — but they also seek programmatic changes: to "set aside programmatic revocations" and "restore the validity of the visas held by any student who had a valid visa as of March 25, 2025." Id., ¶ 18. They further ask the Court to declare that "the mass revocation of valid visas was arbitrary, capricious, and unlawful." Id. at 81. Any ruling in their favor would therefore "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward,"

4

specifically affecting a host of other visa holders who have also had their visas revoked in similar circumstances.  In re Sealed Case, 971 F.3d at 329.

This case nonetheless presents the "truly exceptional circumstances" that overcome the presumption against pseudonymity even for programmatic relief.  See Doe v. Hill, 141 F.4th 291, 300 (D.C. Cir. 2025) ("[T]hose who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity.") (citation omitted).  As detailed above, Plaintiffs face concrete risks of retaliatory physical harm, including potential arrest and deportation, and their participation in this litigation exposes highly sensitive personal information during a period of heightened public scrutiny of immigration matters.  The convergence of these privacy interests, concrete safety risks, and the sensitive nature of the underlying personal information creates the type of "truly exceptional circumstances" that courts have recognized may justify pseudonymous litigation even when programmatic relief is sought.  Id.

Fifth and finally, while the Court may grant Plaintiffs' request to proceed pseudonymously, as far as the public is concerned, they have failed to provide any legal authority supporting their request to seal their identities from the Secretary of State, who is the Defendant here.  Although Plaintiffs argue that they are challenging a programmatic government action where individual facts and identities are irrelevant to the central legal question — whether the Department of State's systematic revocation of student visas through the "Student Criminal Alien Initiative" violated the Act — this alone does not justify sealing their identities from the Government.  Plaintiffs here have provided no other basis to support concealing their identities from Defendant, which typically is entitled to know who is suing it.

In sum, most factors weigh in favor of granting the Motion to proceed pseudonymously. That lopsided balance resolves the matter in Plaintiffs' favor, at least as to the public.

The Court accordingly ORDERS that:

1. Plaintiffs' [3] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within seven days of this Order, Plaintiffs shall file a sealed declaration containing their real names and residential addresses, which Defendant may access.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 23, 2025